**UNITED STATES of America**

v.

**Julio Alberto SANTOS, Appellant.**

No. 06–1296.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 2, 2007.

Filed: March 7, 2007.

Paul L. Gray, Office of United States Attorney, Philadelphia, PA, for United States of America.

Elizabeth T. Hey, Defender Association of Philadelphia Federal Court Division, Philadelphia, PA, for Appellant.

Before: SCIRICA, Chief Judge, McKEE and NOONAN *, Circuit Judges.

OPINION OF THE COURT

NOONAN, Circuit Judge.

Julio Santos ("Santos") pled guilty both to re-entry after deportation, in violation

of 8 U.S.C. § 1326(a), (b)(2), and escape, in violation of 18 U.S.C. § 751. Santos now appeals, arguing that his sentence imposes an "unwarranted" sentence disparity in violation of 18 U.S.C. § 3553(a)(6), because an offender in a fast-track immigration district would have received a lesser sentence for the re-entry offense. We have jurisdiction under 18 U.S.C. § 3742(a) and affirm.

We have recently considered and rejected the fast-track disparity argument. *United States v. Vargas,* 477 F.3d 94 (3d Cir.2007). "Because ... the disparity between sentences in fast-track and non-fast-track districts is authorized by Congress and, hence, warranted," *id.* at 98, "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 99.

AFFIRMED.